United States District Court
Middle District of Florida
Jacksonville Division

**KHALID BEY,**

 *Plaintiff,*

v.                 No. 3:18-cv-319-J-PDB

**COMMISSIONER OF SOCIAL SECURITY,**

 *Defendant.*

### Order

  Earlier in the case, the Court reversed the Commissioner of Social Security's denial of Khalid Bey's application for disability benefits and, under sentence four of 42 U.S.C. § 405(g), remanded for further proceedings. Doc. 21. He now requests, under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, an award of $5908.68 in attorney's fees. Doc. 23. The Commissioner does not oppose the request. Doc. 23 at 1 (petition titled as "unopposed").[1]

  In ruling on an EAJA request, a court must decide if the requesting party is eligible and the requested attorney's fees are reasonable. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160–61 (1990). A party is eligible if (1) he prevailed in a case against the

---

[1]Bey separates the document into two parts: the petition for fees, Doc. 23 at 1–4, and a memorandum of law in support of the petition, Doc. 23 at 5–8. Local Rule 3.01(a) provides, "In a motion or other application for an order, the movant shall include a concise statement of the precise relief requested, a statement of the basis for the request, and a memorandum of legal authority in support of the request, all of which the movant shall include **in a single document** not more than twenty-five (25) pages." Local Rule 3.01(a) (emphasis added). While the petition and memorandum are technically within the same document, they appear as two separate documents given that each are signed by counsel and have certificates of service. Bey's counsel is familiar with this rule. *See Atwell v. Comm'r of Soc. Sec.*, 3:16-cv-1093-J-PDB (Doc. 19 at 1 n.1).

United States, (2) he timely requested them, (3) his net worth did not exceed $2 million when he filed the case, (4) the United States' position was not substantially justified, and (5) no special circumstance would make the award unjust. *Id.* at 158; 28 U.S.C. § 2412(d)(1) & (2).

A social-security plaintiff prevails if the court orders a sentence-four remand. *Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993). An EAJA request is timely if made within 30 days of the final judgment, which, if no appeal is taken, is 90 days from the judgment's entry. *See* 28 U.S.C. § 2412(d)(1)(B) & (d)(2)(G) ("final judgment" is judgment that is final and not appealable); Fed. R. App. P. 4(a)(1)(B) (notice of appeal must be filed within 60 days of judgment in case in which United States is party). A premature EAJA request is timely. *Myers v. Sullivan*, 916 F.2d 659, 679 n.20 (11th Cir. 1990). An EAJA request must contain an allegation that the Commissioner's position was not substantially justified, *Jean*, 496 U.S. at 160, and, if made, the Commissioner bears the burden of showing that it was, *United States v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997). A court may deny an EAJA request based on equitable considerations. *Scarborough v. Principi*, 541 U.S. 401, 422–23 (2004).

The first four conditions are satisfied here, and, as to the fifth, no equitable consideration is apparent or presented that would make an EAJA award unjust. Bey prevailed because the Court ordered a sentence-four remand. Doc. 21 at 6; Doc. 22. Bey's April 9, 2019, request, Doc. 23, was timely because he made it ten days after entry of judgment, Doc. 22. Bey represents that his net worth did not exceed $2 million when he filed this case, Doc. 23 at 2, and the Court accepts that representation. Bey's motion includes an allegation that the Commissioner's position was not substantially justified, Doc. 23 at 2, 6, and the Commissioner has not attempted to satisfy his burden of showing otherwise. The Commissioner does not contend that this case presents a special circumstance, and none is apparent. Thus, Bey is eligible to receive an EAJA award, and the only remaining issue is whether the requested amounts are reasonable.

The EAJA provides an attorney's fee "shall be based upon prevailing market rates for the kind and quality of the services furnished, except ... shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living [since 1996, the date of the last amendment to the amount,] or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). An EAJA award is to the party, not to his attorney. *Astrue v. Ratliff*, 560 U.S. 586, 592–93 (2010).

"The EAJA ... establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act." *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992). "The first step ... is to determine the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation." *Id.* (internal quotation marks omitted). "The second step, which is needed only if the market rate is greater than [$125] per hour, is to determine whether the court should adjust the hourly fee upward from [$125] to take into account an increase in the cost of living [since 1996], or a special factor." *Id.* at 1033–34. "By allowing district courts to adjust upwardly the [$125] hourly fee cap to account for inflation, Congress undoubtedly expected that the courts would use the cost-of-living escalator to insulate EAJA fee awards from inflation[.]" *Id.* at 1034.

If adjusting the fee cap, a court should use the cost of living increase to when the attorney performed the work, not to a later time. *Masonry Masters, Inc. v. Nelson*, 105 F.3d 708, 711–12 (D.C. Cir. 1997). To do otherwise amounts to awarding interest for which the United States has not waived sovereign immunity. *Id.*; *see also United States v. Aisenberg*, 358 F.3d 1327, 1346 n.28 (11th Cir. 2004) (finding *Masonry* and similar opinions persuasive in an analogous context).

The party requesting fees must demonstrate reasonableness. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). That burden includes "supplying the court with specific and detailed evidence." *Id.* at 1303. A court is "'itself an expert'" on reasonable rates, may consider its own "'knowledge

and experience'" concerning reasonable rates, and may "'form an independent judgment either with or without the aid of witnesses as to value.'" *Id.* at 1303 (quoting *Campbell v. Green,* 112 F.2d 143, 144 (5th Cir.1940)). If there is lack of support, a court may make the award on its own experience if it provides sufficient information to allow meaningful review. *Id.* at 1303–04.

Besides demonstrating the reasonableness of rates, a party requesting fees must show the reasonableness of the number of hours expended. *Watford v. Heckler,* 765 F.2d 1562, 1568 (11th Cir. 1985). Fees for time spent preparing an EAJA request are allowed. *Jean v. Nelson,* 863 F.2d 759, 779–80 (11th Cir. 1988).

Bey is represented by L. Jack Gibney, Esquire. Gibney provides no affidavit on his experience or customary rate, but it is known in the legal community and reflected in his many appearances in social-security cases here that he specializes in social-security work and has done so for many years. Records of The Florida Bar indicate he has been a member since 1984. *See* "Find a Lawyer" on www.floridabar.org.

Bey submits a "Statement of Professional Services" from Gibney's firm. Doc. 23-1. Gibney spent 30 hours on the case: 29.5 between February and August 2018, and .5 in March 2019.[2] The statement shows the tasks Gibney performed and the time he took to perform them. Tasks include reviewing the record and rulings, discussing the case with Bey, and preparing the brief in opposition to the Commissioner's decision. Doc. 23-1. The .5 hours for work performed in March 2019 was to review the order and judgment reversing the Commissioner's decision and prepare a letter to Bey. Doc. 23-1 at 2. The administrative record is 511 pages. Docs. 13–13-10.

---

[2]The statement lists the total billable hours as 29.5. Doc. 23-1 at 2. Bey explains Gibney seeks payment for 29 hours of work in 2018 and .5 hours in 2019. Doc. 23 at 2–3. The statement indicates he performed 29.5 hours of work in 2018 and .5 hours in 2019. The Court uses the requested 29 hours for 2018.

Bey's $5908.68 request is based on the total time in 2018 (29 hours) multiplied by $200.25 (equaling $5807.25), plus the total time in 2019 (.5 hours) multiplied by $202.875 (equaling $101.43).[3] Doc. 23 at 2–3. The $200.25 2018 rate is based on the $125 EAJA cap and a cost-of-living increase indexed from March 1996 to March 2018 (when Bey filed the complaint). Doc. 23 at 2. The $202.875 2019 rate is based on the EAJA cap and a cost-of-living increase indexed from March 1996 to February 2019 (which he states is the average index for the year at the time when Bey filed the motion in April). Doc. 23 at 3.

On the first step (determining the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation), based on the Court's own knowledge and expertise, the Court finds the market rate in Jacksonville for services provided by lawyers of comparable skills, experience, and reputation exceeds $125 an hour.

On the second step (determining whether to adjust the rate upward from $125), the Court finds the increase in the cost of living justifies an upward adjustment from $125 based on the increase in the cost of living for urban areas from April 1996 to when Gibney performed his work. The rates proposed are reasonable (and slightly lower than the March 2018 rate using the inflation calculator [$200.35] and the February 2019 rate [$202.94]).[4] *See* U.S. Dept. of Labor, Bureau of Labor Stats., CPI Inflation Calculator https://www.bls.gov/data/inflation_calculator.htm (last visited September 3, 2019). On the reasonableness of the hours, none of the work by Gibney

---

[3]Bey appears to have rounded down. Rounding up, $202.875 multiplied by .5 is $101.44. (If he had rounded the rate up to $202.88, the total would still be $101.44). The Court uses the requested rate of $101.43.

[4]Those rates are also slightly lower than the rates later in 2018 and in March 2019 when Gibney performed other work. (Why Bey picked March 2018 and February 2019 is unclear given that he also performed work later in those years.)

appears clerical or secretarial, and none appears excludable as unnecessary. See Doc. 23-1. The number of hours is reasonable.

Using the number of hours requested and rates requested, attorney's fees of $5908.68 ($5807.25 [2018 total] plus $101.43 [2019 total]) are reasonable.

Because Bey is eligible and his requested attorney's fees are reasonable, the Court **grants** the motion for EAJA fees, Doc. 23; **awards** him $5908.68 in attorney's fees; and **directs** the Clerk of Court to enter judgment in favor of Khalid Bey and against the Commissioner in the amount of $5908.68. The Court leaves to the Commissioner's discretion whether to accept Bey's assignment of EAJA fees to Gibney after determining if he owes a federal debt. See Docs. 23-2, 23-3.

**Ordered** in Jacksonville, Florida, on September 5, 2019.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c: Counsel of Record